Marilyn JOHNSON, Plaintiff-Appellant,

v.

SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1107, Defendant-Appellee.

No. 16-15795

United States Court of Appeals, Ninth Circuit.

Submitted October 10, 2017 * San Francisco, California

Filed October 17, 2017

Trevor Hatfield, Hatfield & Associates, Las Vegas, NV, for Plaintiff-Appellant

Michael A. Urban, Esquire, Attorney, Nathan Russell Ring, Attorney, The Urban Law Firm, Las Vegas, NV, for Defendant-Appellee

Before: O'SCANNLAIN, TASHIMA, and BYBEE, Circuit Judges.

MEMORANDUM **

Marilyn Johnson appeals from the district court's decision granting Service Employees International Union Local 1107's motion for summary judgment. The facts are known to the parties and will not be repeated here unless necessary.

I

Johnson claims that her employer, SEIU Local 1107, racially discriminated

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

against her in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e–2(a)(1). On appeal, Johnson · invokes the burden-shifting framework established by *McDonnell Douglas Corp. v. Green.* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this framework, Johnson "must first establish a prima facie case of employment discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010) (quoting *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007)). If Johnson establishes a prima facie case, "[t]he burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Id.* (quoting *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000)). If a legitimate, nondiscriminatory reason is proffered, Johnson "must then raise a triable issue of material fact as to whether the defendant's proffered reasons ... are mere pretext for unlawful discrimination." *Id.*

## II

The district court determined that Johnson did not establish a prima facie case of racial discrimination because she identified no similarly-situated individuals. But even were Johnson to establish a prima facie case with respect to all alleged instances of racial discrimination—which we assume without deciding—Johnson fails to proffer evidence that "a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence." *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1126–27 (9th Cir. 2009) (quoting *Chuang*, 225 F.3d at 1124). Johnson does not put forth any evidence of pretext—let alone "specific, substantial evidence"—in response to Local 1107's assertion that it fired Johnson for being dishonest. *Hawn*, 615 F.3d at 1158 (quoting *Steckl v. Motoro-*

*la, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). Nor does she offer any evidence of pretext with respect to her reassignment to a "floater" position. Indeed, Local 1107 had reassigned her because, as she acknowledged, "being a floater requires a variety of skills[.]"

Thus, we affirm on the alternative ground that Johnson does not "raise a genuine factual question whether, viewing the evidence in the light most favorable to [her], [Local 1107's] reasons are pretextual." *Chuang*, 225 F.3d at 1126.

## III

The judgment of the district court is AFFIRMED.